

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-27-2005

# Thomas v. IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1357

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Thomas v. IRS" (2005). *2005 Decisions.* Paper 327.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/327

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1357
_____

BRIAN W. THOMAS,
Appellant

v.

INTERNAL REVENUE SERVICE; DENNIS PARIZEK, Agent of the IRS,
both in his individual and official capacity

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 03-cv-02080)
District Judge: James M. Munley

_____

Submitted Under Third Circuit LAR 34.1(a)
September 20, 2005

Before:  RENDELL, AMBRO AND FUENTES, <u>CIRCUIT JUDGES</u>

(Filed:  October 27, 2005)

_OPINION
_____

PER CURIAM

Brian Thomas appeals the orders of the United States District Court for the Middle

District of Pennsylvania granting the defendants' motions to dismiss his Freedom of

Information Act ("FOIA") complaint for lack of subject matter jurisdiction, and denying

Thomas's motions for reconsideration, for Rule 60(b) relief, and for recusal.

The underlying facts are well-known to the parties and are fully set forth in the District Court's Memorandum Opinion. We need only provide a summary here. In November 2003, Thomas filed a FOIA complaint against the IRS seeking to compel the production of certain records and tapes pertaining to him. The IRS moved to dismiss the complaint claiming, among other things, that the District Court lacked subject matter jurisdiction due to Thomas's failure to exhaust his administrative remedies. On November 2, 2004, the District Court granted the dismissal motion and dismissed the case for lack of subject matter jurisdiction. On November 10, 2004, Thomas filed a motion for reconsideration, which the District Court denied on November 16, 2004.

Undeterred, Thomas filed a motion for relief from judgment on December 15, 2004, seeking to vacate the District Court's order dismissing the complaint. The District Court denied the motion on December 16, 2004, ruling that Thomas presented no new evidence and pointed to no intervening change in the law requiring relief from judgment under Rule 60(b). Specifically, the District Court held that the dismissal of Thomas's FOIA complaint for failure to exhaust administrative remedies did not infringe upon Thomas's First Amendment right to petition the Government for redress of grievances. On January 3, 2005, Thomas filed a motion seeking the District Court judge's recusal. The District Court denied the motion on January 14, 2005, finding that a history of rulings adverse to Thomas was insufficient grounds for recusal. Thomas filed a notice of appeal on February 4, 2005.

The Appellees raise the threshold question of jurisdiction to consider the orders entered November 2 and November 16, 2004. Our review of the record reveals that Thomas's notice of appeal from the order dismissing the petition for removal is clearly untimely under Fed. R. App. P. 4(a)(1), as it was filed almost one month too late. The time-period prescribed for filing a notice of appeal is "mandatory and jurisdictional." Browder v. Director of Dep't of Corr., 434 U.S. 257, 264 (1978). In a civil case in which the United States is a party, a notice of appeal must be filed within sixty (60) days of the date of entry of the final judgment or order appealed. Fed. R. App. P. 3(A), 4(a)(1); 28 U.S.C. § 2107. On November 2, 2004, the District Court dismissed Thomas's FOIA complaint for lack of jurisdiction. Appellant's timely filed reconsideration motion tolled the appeals period until November 16, 2004, when the District Court denied reconsideration. See Fed. R. App. P. 4(a)(4). Appellant had until January 18, 2005, to file a timely notice of appeal. Appellant did not file a notice of appeal until February 4, 2005, about 26 days after entry of judgment. Accordingly, given the absence of a timely filed notice of appeal, the appeal of the District Court's November 2 and November 16, 2004 orders is dismissed for lack of jurisdiction. Thomas's appeal of the denial of the motions to vacate and for recusal is timely, however, and thus, we have jurisdiction to consider the appeal of these orders.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's order denying Thomas's Rule 60(b) on constitutional grounds is plenary. Koshatka v. Philadelphia Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985). Our

review of the order denying recusal is for abuse of discretion.  <u>Securacomm Consulting,</u>

<u>Inc. v. Securacom Inc.</u>, 224 F.3d 273, 278 (3d Cir. 2000).

After a careful and independent review of the record, we will affirm the District

Court order denying Rule 60(b) relief for the reasons stated by the District Court in its

memorandum opinion.  As for Thomas's motion to recuse, we find nothing in the record

to indicate that the District Judge in Thomas's case was biased against him because he

was <u>pro</u> <u>se</u>.  As the District Court correctly noted, mere disagreement with the District

Court's adverse rulings does not form a sufficient basis for recusal.  <u>See</u> <u>Securacomm</u>,

224 F.3d at 278.

For the foregoing reasons, we will affirm the District Court's orders entered

December 16, 2004, and January 14, 2005.